## Case No. 638.

### ATTERBURY et al. v. GILL.

[2 Flip. 239;[1] 3 Ban. & A. 174; 13 O. G. 276; 10 Chi. Leg. News, 22; 6 Amer. Law Rec. 193.]

Circuit Court, N. D. Ohio. Oct. Term, 1878.

ABATEMENT AND REVIVAL.—DEATH OF PARTY.

Case is not revived unless order to that effect. Action against administrator survives, if there has been an infringement; the latter being held as a trustee for the owner.

[Cited in Atwood v. The Portland Co., 10 Fed. 284.]

[See Root v. Lake Shore & M. S. Ry. Co., 105 U. S. 189.]

In equity. Bill filed [by James S. and Thomas B. Atterbury] against respondent [Joseph G. Gill, administrator of Andrew J. Beatty, deceased,] for infringement of patent, [No. 39,027,] which was on an improved jelly glass. Respondent answered. Testimony was taken and a hearing had. Complainant had a decree establishing the validity of the patent and also the fact of infringement by defendants. There was a reference to commissioners to take an account of profits and damages. The respondent died before the account was taken. After expiration of rule day to answer a bill of revivor under rule 56, the administrator of respondent filed a demurrer to that bill, when motion was made by complainant to strike such demurrer from the files. Rule to amend had now expired, and prior to the filing of the demurrer no order had been made reviving the suit against the administrator, nor had the administrator obtained leave to file the demurrer. Heard on demurrer to bill of revivor and motion to strike demurrer from the files. [Demurrer overruled, and order of revivor entered.]

Bakewell & Christy, for plaintiff.

Prentiss, Baldwin & Ford, for defendant.

WELKER, District Judge. Under rule 56, the case was not revived unless an order to that effect was made, and in this particular case the demurrer was allowed to stand as if filed on rule, and the motion was overruled. The demurrer raises the question of the survival of actions for infringement of patents, against the administrator of the infringer after a decree of infringement and reference to master or commissioner to assess amount for which decree was to be entered.

1. Although as a general rule, actions for torts do not survive against the representatives of deceased defendants pending the suit, yet these proceedings in equity for infringement of patents are not strictly proceedings for torts. The respondent who infringes a patent is held in equity as a trustee of the owner of the patent and compelled to account to him for the profits real-

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]
2FED.CAS.—13

ized from the manufacture of the infringing machine or product. The infringer is also liable to the patentee for damages for such infringement, and both of these causes of action are combined in the case in equity, as well as the prayer for perpetual injunction.

2. In this case, the decree having settled the question of infringement, and the case having been referred to the master, before the death of respondent, to ascertain the amount for which the decree should be rendered, which will embody either both or one of these claims of claimant, therefore the action does survive. The demurrer is overruled and order of revival entered.

---

ATTERBURY, (MARRETT v.) See Case No. 9,102.

ATTILA, The, (KNIGHT v.) See Case No. 7,881.

ATTORNEY GENERAL, (CHICAGO, B. & Q. R. CO. v.) See Case No. 2,666.

---

## Case No. 638a.

### ATTORNEY GENERAL v. RUMFORD CHEMICAL WORKS.

[This case, decided by the circuit court of Rhode Island, May, 1876, is reported in 32 Fed. 608.]

---

ATTORNEYS' FEES IN CIVIL CASES. (See Costs in Civil Cases, Append.)

---

## Case No. 639.

### ATWATER v. HADLEY et al.

[Syllabi, 117.]

Circuit Court, D. Minnesota. Dec. Term, 1876.

EQUITY—RESCISSION AND CANCELLATION OF CONTRACTS—FIDUCIARY RELATION—UNDUE INFLUENCE.

The rule that courts will carefully scrutinize all transfers of property between those occupying fiduciary relations, and vacate any such transfer that is not entirely fair and equitable on the part of the person holding a position of trust and confidence, applied to the facts in this case.

In equity. Julinah P. Atwater was the owner in June, 1875, of notes and mortgages of the value of $3,100, which she placed in the hands of "Hadley's Law and Collection Agency" for collection; R. S. Hadley assuming to act for the same. On the death of one Seely, a brother-in-law, she claimed to own with her brothers and sisters an interest in the farm and farm property previously occupied by the deceased. A claim to the same was also made by the father and brothers of deceased. Propositions and consultations for settlement were frequently had and made during the summer of 1875, and for an amicable adjustment between the claimants, in which R. S. Hadley participated, acting as